UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
RHODE ISLAND

| | |
|---|---|
| Seandell Forman<br>34 Crossman Street<br>Central Falls, RI 02863<br>   Plaintiff<br><br>vs.<br><br>HARRIS & HARRIS<br>111 W. JACKSON BLVD<br>Chicago, IL 60604<br>   Defendant | Case No._____<br><br>COMPLAINT<br><br>Jury Trial Requested |

## COMPLAINT

Plaintiff, Seandell Forman, of 34 Crossman Street, Central Falls, Rhode Island 02863 email seandell_forman@yahoo.com, hereby sues Defendant, HARRIS & HARRIS, of 111 W. JACKSON BLVD., Chicago, IL 60604 for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692, the Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9, and the Telephone Consumer Protection Act (TCPA) 47 USC § 227.

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692e(2)(A), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692e(10), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692f(1), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(1), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(2), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(3), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(4), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(5), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-7(b)(1), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-7(j), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-8(a), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(a), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(b), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(c), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(d), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(e), Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(1)(A)(iii).

2. Upon belief and information, Plaintiff contends that these practices are widespread and common action of the Defendant. Plaintiff intends to propound discovery to Defendant in order to identify these other individuals who have suffered similar violations.

3. Plaintiff contends that the collection company Defendant has violated such laws by using false representation in communication with Plaintiff in attempts to collect alleged but nonexistent debt.

4. Plaintiff contends that the collection company Defendant has violated such laws by sending text messages without prior express written consent from the Plaintiff to the Plaintiff's cellular phone.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by 15 USC § 1692k, Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-13, 47 USC § 227(b)(3). The Court has supplemental jurisdiction over state law claims.

6. Venue is proper in this District pursuant to 28 USC § 1391(b)(2). Venue is proper in this District in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

7. This is an action for damages.

8. Plaintiff, Seandell Forman, is a natural person and is a resident of Rhode Island.

9. Defendant, HARRIS & HARRIS, is an Illinois Corporation, authorized to do business in Rhode Island.

10. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

11. Plaintiff has no prior business dealings with the Defendant.

12. On Thursday January 12, 2023, Plaintiff received a text message from Defendant without express written consent stating, "Seandell, Harris&Harris is a debt collector for Elizabeth River Tunnels. To Pay: swr1.cc/s9Xc7 or call 855-336-5120. STOP to stop, msg&data rates may apply."

13. On Wednesday January 18, 2023, Plaintiff received a text message from Defendant without express written consent stating, "Seandell, Harris&Harris is a debt collector for Elizabeth River Tunnels. To Pay: swr1.cc/s9Xc7 or call 855-336-5120. STOP to stop, msg&data rates may apply."

14. On Tuesday March 14, 2023, Plaintiff received a text message from Defendant without express written consent stating, "**Harris & Harris** Seandell, Harris & Harris is a debt collector for Elizabeth

River Tunnels. You may now receive texts. View Terms Payweb.in/0isC. Please call 855-336-5120 to discuss how you can settle your account for less than the full balance. To view your account and pay, click this link: swr1.cc/zZhnv Reply HELP for help. Reply STOP to cancel. msg&data rates may apply."

15. On Thursday April 20, 2023, Plaintiff received a text message from Defendant without express written consent stating, "Seandell, Harris&Harris is a debt collector for Elizabeth River Tunnels. To Pay: swr1.cc/s9Xc7 or call 855-336-5120. STOP to stop, msg&data rates may apply."

16. On Monday September 25, 2023, Plaintiff received a text message from Defendant without express written consent stating, "Seandell, Harris&Harris is a debt collector for Elizabeth River Tunnels. To Pay: swr1.cc/s9Xc7 or call 855-336-5120. STOP to stop, msg&data rates may apply."

17. All of the Defendant's correspondences failed to include the proper written notice in accordance with 15 USC § 1692g(a)(1), 15 USC § 1692g(a)(2), 15 USC § 1692g(a)(3), 15 USC § 1692g(a)(4), and 15 USC § 1692g(a)(5).

18. On September 30, 2023 Plaintiff caused to be mailed by certified mail, green return receipt, a Notice of Dispute and Intent to Sue. The Notice provided a 5-day period for the Defendant to reach out to settle the matter before Plaintiff filed suit.

19. On October 18, 2023 about 11 business days after Defendant signed for the Notice referred to in paragraph 18, Plaintiff called Defendant and spoke to a Denise Johnson who proceeded to place me on hold for approximately 30 minutes, at which point Plaintiff hung up the phone and called Defendant back. Plaintiff spoke to a Ms. Taylor who also proceeded to put me on hold for approximately another 30 minutes, at which point Plaintiff hung up the phone due to wasted time.

20. Plaintiff has suffered damages due to mental and emotional distress, and loss of time due to Defendant's actions.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 USC § 1692
## BY DEFENDANT HARRIS & HARRIS

21. Plaintiff alleges and incorporates the information in paragraphs 1 through 20.

22. Plaintiff is a consumer within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692a(3).

23. Defendant HARRIS & HARRIS is a debt collector within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692a(6).

24. Defendant HARRIS & HARRIS violated the Fair Debt Collection Practices Act (FDCPA), Defendant's violations include, but are not limited to, the following:

   a. Defendant HARRIS & HARRIS violated 15 USC §1692e(2)(A) by making false representation of the character, amount, or legal status of the alleged debt.

   b. Defendant HARRIS & HARRIS violated 15 USC § 1692e(10) by using false representation or deceptive means to collect or attempt to collect the alleged debt.

   c. Defendant HARRIS & HARRIS violated 15 USC § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

   d. Defendant HARRIS & HARRIS violated 15 USC § 1692g(1) by not sending written notice including the statement required under subsection §1692g(1) after the initial communication with the Plaintiff.

   e. Defendant HARRIS & HARRIS violated 15 USC § 1692g(2) by not sending written notice including the statement required under subsection §1692g(2) after the initial communication with the Plaintiff.

   f. Defendant HARRIS & HARRIS violated 15 USC § 1692g(3) by not sending written notice including the statement required under subsection §1692g(3) after the initial communication with the Plaintiff.

   g. Defendant HARRIS & HARRIS violated 15 USC § 1692g(4) by not sending written notice including the statement required under subsection §1692g(4) after the initial communication with the Plaintiff.

   h. Defendant HARRIS & HARRIS violated 15 USC § 1692g(5) by not sending written notice including the statement required under subsection §1692g(5) after the initial communication with the Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant HARRIS & HARRIS for actual and/or statutory damages, and punitive damages, and costs, and attorney fees, pursuant to the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692k.

### COUNT II
### VIOLATION OF RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT (RIFDCPA) § 19-14.9 BY DEFENDANT HARRIS & HARRIS

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 20.

26. Plaintiff is a consumer within the meaning of the Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-3(1).

27. Defendant is a debt collector within the meaning of the Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-3(5).

28. Defendant HARRIS & HARRIS violated the Rhode Island Fair Debt Collection Practices Act (RIFDCPA), Defendant's violations include, but are not limited to, the following:

    a. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-7(b)(1) by making false representation of the character, amount, or legal status of the alleged debt.

    b. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-7(j) by using false representation or deceptive means to collect or attempt to collect the alleged debt.

    c. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-8(a) by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

    d. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(a) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(a) after the initial communication with the Plaintiff.

    e. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(b) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(b) after the initial communication with the Plaintiff.

    f. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(c) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(c) after the initial communication with the Plaintiff.

    g. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(d) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(d) after the initial communication with the Plaintiff.

    h. Defendant HARRIS & HARRIS violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(e) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(e) after the initial communication with the Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant HARRIS & HARRIS for actual and/or statutory damages, and punitive damages, and costs, and attorney fees, pursuant to the Rhode Island Fair Debt Collection Practices Act (RJFDCPA) § 19-14.9-13.

## COUNT III
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC § 227(b)(1)(A)(iii) BY DEFENDANT HARRIS & HARRIS

29. Plaintiff alleges and incorporates the information in paragraphs 1 through 20.

30. Defendant HARRIS & HARRIS have demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to call or text Plaintiff's cellular number. Each of these calls or text messages are subject to treble damages pursuant to 47 USC § 227(b)(3) as they were intentional.

31. Defendant HARRIS & HARRIS has called or sent text messages to Plaintiff's cellular phone no less than 5 times using an automatic telephone dialing system or an artificial or prerecorded voice contrary to 47 USC § 227(b)(1)(A)(iii).

32. Plaintiff and Defendant do not have an established business relationship within the meaning of 47 USC § 227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 USC § 227(b)(3).

WHEREFORE, Plaintiff demands judgment for damages against Defendant HARRIS & HARRIS for actual and/or statutory damages, and punitive damages, and costs, and attorney fees, pursuant to the Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(3)(C).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: November 9, 2023

In Good Faith,

*[signature]*

Seandell Forman
C\o 34 Crossman Street
Central Falls, Rhode Island 02863
919-793-8675